UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES EARLYWINE,<br><br>                          Plaintiff,<br>v.<br><br>USAA LIFE INSURANCE COMPANY,<br>                         Defendant. | Case No.: 3:17-CV-328-CAB-NLS<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 9] |

This matter is before the Court on Defendant's motion to dismiss claims three and four from Plaintiff's first amended complaint ("FAC"). The motion has been fully briefed and the Court deems it suitable for submission without oral argument. For the reasons set forth below, the motion is granted.

**I.    Background**

Defendant USAA Life Insurance Company ("USAA") issued a universal life insurance policy ("ULP") effective August 17, 1990 to Plaintiff's now-deceased husband, William J. Earlywine. Plaintiff Dolores Earlywine was the designated beneficiary of the policy. In January 2016, USAA cancelled the policy after the Earlywine's had been unable to continue paying the premiums. [Doc. No. 7 at ¶ 22.] William died on April 23, 2016. [*Id.*]

According to the FAC, "[a]t the time of sale, the ULP was represented to Plaintiff and her husband as having even premiums through age 95. USAA advised that the

premiums would not go up through age 95. Plaintiff and her husband relied upon that assurance." [*Id.* at ¶ 10.] The FAC alleges that these statements were false and that "the policy premiums skyrocketed" to the point that the Earlywines were unable to pay them. [*Id.* at ¶ 22.] In addition, "USAA provided a soft disclaimer about the potential for the policy to not perform. However, the likelihood of performance failure was not disclosed," and "[a]s time went on, it became certain that the ULP would fail to perform [*Id.* at ¶ 15.] Before USAA cancelled the ULP, "[e]ven though the policy became a sinkhole with no possibility of performing up to the levels at which it was marketed, USAA kept accepting premiums [sic] payments and did not advise their insured that the policy was failing." [*Id.* at ¶ 16.]

The FAC also alleges that "[i]n or around early 2001 the Earlywines contacted USAA to ask about the feature which allowed them to miss some payments. USAA's representative responded that it was 'no problem.'" [*Id.* at ¶ 17.] This statement was allegedly false because "[t]he policy was already going to require significantly larger extra premium payments to keep it in force through the actuarially expected lifespan of Mr. Earlywine." [*Id.*] Further, according to the FAC, this statement was also false because it contradicted a "Cost of Insurance" clause in the ULP itself. [*Id.* at ¶ 18.]

On January 18, 2017, Plaintiff filed this lawsuit in San Diego County Superior Court asserting six claims: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) negligent misrepresentation; (4) fraud; (5) rescission; and (6) unfair business practices under California Business and Professions Code section 17200. [Doc. No. 1 at 8-16.] USAA timely removed the complaint to this court and filed a motion to dismiss. In response to the motion, Plaintiff filed the FAC, which asserted the same six claims. [Doc. No. 7.] USAA now moves to dismiss the negligent misrepresentation and fraud claims.

**II.    Legal Standard**

In most cases, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

2

3:17-CV-328-CAB-NLS

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

However, there is no dispute that both of the claims at issue in the motion to dismiss are based on alleged fraud and are therefore subject to the heightened pleading standard under Rule 9(b), which requires plaintiffs to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks and ellipses omitted). "Averments of fraud must be accompanied by the *who, what, when, where, and how* of the misconduct charged." *Id.* (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)) (emphasis added; internal quotation marks omitted). Thus, when a plaintiff claims that a statement is false or misleading, "[t]he plaintiff must set forth *what* is false or misleading about a statement, and *why* it is false." *Vess*, 317 F.3d at 1106 (*emphasis* added; internal quotation marks omitted).

Rule 9(b)'s heightened pleading requirements serve "three purposes: (1) to provide

defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns*, 567 F.3d at 1125 (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)) (brackets in original). These heightened pleading requirements are equally applicable to fraud claims based on omissions or nondisclosures by a defendant. *See Kearns*, 567 F.3d at 1127 ("Because the Supreme Court of California has held that nondisclosure is a claim for misrepresentation in a cause of action for fraud, it (as any other fraud claim) must be pleaded with particularity under Rule 9(b).").

**III. Discussion**

Under California law, "[t]he elements of fraud are (a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Hinesley v. Oakshade Town Ctr.*, 135 Cal. App. 4th 289, 294 (Cal. Ct. App. 2005) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996)). "Fraud is a charge that is easily made but less often substantiated. In order to establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action. General and conclusory claims of fraud will not suffice." *Conrad v. Bank of Am.*, 45 Cal. App. 4th 133, 156 (Cal. Ct. App. 1996) (internal citation omitted), *rejected on other grounds in Lovejoy v. AT & T Corp.*, 92 Cal. App. 4th 85, 94 (Cal. Ct. App. 2001).

"The elements of a cause of action for fraud and a cause of action for negligent misrepresentation are very similar. . . . However, the state of mind requirements are different. Negligent misrepresentation lacks the element of intent to deceive." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). "[I]n a claim for negligent misrepresentation, the plaintiff need not allege the [defendant] made an intentionally false statement, but simply one as to

which he or she lacked any reasonable ground for believing the statement to be true." *Gilmore v. Wells Fargo Bank N.A.*, 75 F.Supp. 3d 1255, 1269 (N.D. Cal. 2014) (quoting *Charnay v. Cobert*, 145 Cal. App. 4th 170, 184–85 (Cal. Ct. App. 2006)); *see also West v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 780, 792 (Cal. Ct. App. 2013) ("The elements of negligent misrepresentation are the same [as fraud] except for the second element, which for negligent misrepresentation is the defendant made the representation without reasonable ground for believing it to be true.").

Here, the FAC does not satisfy the heightened pleading standard for the fraud and negligent misrepresentation claims because it does not allege "the who, what, when, where, and how," *Kearns*, 567 F.3d at 1124, of any of the alleged false statements or omissions. First, the FAC alleges that "the ULP was represented to Plaintiff and her husband as having even premiums through age 95," but it does not specify who made this representation, when exactly it was made, in what setting it was made, whether the statement was oral or in writing, or even what exactly was said. Moreover, the FAC does not adequately allege how this statement was false at the time it was made. The FAC conclusorily states that "the assumptions supporting USAA's representation were not actuarially sound," but does not allege any facts concerning what those assumptions were or whether they were communicated to Plaintiff. These vague allegations do not satisfy Rule 9(b).

Plaintiff also alleges that a USAA representative responded "no problem" to the Earlywines' inquiry "about the feature which allowed them to miss some payments." [Doc. No. 7 at ¶ 17.] Without any specificity as to the Earlywines' exact question to the representative and other details surrounding the conversation, it is impossible to determine the context of this response or how this response is capable of being proved false. *See generally Welk v. Beam Suntory Imp. Co.*, 124 F. Supp. 3d 1039, 1043 (S.D. Cal. 2015) ("[T]o be actionable as an affirmative misrepresentation, a statement must make a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact.") (quoting *Vitt v. Apple Computer, Inc.,* 469 Fed. Appx. 605, 607 (9th Cir. 2012)). Further, without specifics, it is impossible to determine how the

Earlywines could have justifiably relied on the statement. In any event, once again, the lack of specificity is fatal to any fraud or negligent misrepresentation claim based on this alleged statement.

The fraud and negligent misrepresentation claims also appear to be based on USAA's alleged failure to disclose (at various unspecified times beginning no later than 2001) that the ULP was going to or had already "failed," and that "it was already a sinkhole" and "missing payments would compound this problem." [Doc. No. 7 at ¶¶ 15, 16, 20.] However, to state a claim for fraud based on concealment, "the defendant must have been under a duty to disclose the fact to the plaintiff." *Bank of Am. Corp. v. Superior Court*, 198 Cal. App. 4th 862, 870, (Cal. Ct. App. 2011). "Generally, there is no duty to disclose absent a fiduciary relationship." *MH Pillars Ltd. v. Realini*, No. 15-CV-1383-PJH, 2017 WL 916414, at *7 (N.D. Cal. Mar. 8, 2017). The FAC fails to allege any facts supporting the existence of a fiduciary relationship between USAA and Plaintiff or any other basis for USAA to have had a duty to disclose this information to Plaintiff. Further, the FAC fails to allege facts supporting how USAA could have concealed that the ULP had failed or "was a sinkhole" in 2001 when the ULP remained in existence for fifteen more years. Indeed, it is unclear what the FAC means by the ULP "failing" when the FAC acknowledges that ULP was cancelled only because the Earlywines were not able to pay the premium, implying that the ULP would still be active (and would not have "failed") if the Earlywines had paid the premium. Accordingly, the FAC does not satisfy Rule 9(b) for any fraud or negligent misrepresentation based on concealment either.

### IV. Leave to Amend

In her opposition, Plaintiff asks for leave to amend her complaint if the Court grants USAA's motion. The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R.Civ. P. 15(a)(2). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984,

6

3:17-CV-328-CAB-NLS

995 (9th Cir. 2011).

Plaintiff filed the FAC in response to USAA's motion to dismiss the original complaint. USAA made many of the same arguments in that motion concerning the deficiencies in Plaintiff's misrepresentation claims, but the FAC added few specifics to the allegations related to the fraud and negligent misrepresentations. Moreover, in the FAC and in her opposition, Plaintiff states that she does not have any additional specifics about the alleged false statements, but that such information may be revealed in discovery.[1] Rule 9(b), however, requires a complaint to include these specifics before a plaintiff is allowed to take any discovery related to the alleged fraud. Because, by her own admission, Plaintiff lacks additional knowledge of any of the specific details that are missing from the FAC and are required before her fraud and negligent misrepresentation claims can proceed, allowing Plaintiff to amend her complaint again would be futile. Accordingly, leave to amend is denied.

V. **Disposition**

In light of the foregoing, it is hereby **ORDERED** that USAA's motion to dismiss is **GRANTED** and claims three and four from the FAC are **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**.

Dated: June 23, 2017

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] The FAC states that "the identity of the individual(s) who make [sic] the representations about the product at the time of sale are not known to Plaintiff" and that "USAA is expected to have records of the sales literature used at the time of sale which is not in Plaintiff's possession." [Doc. No. 7 at ¶ 14.] The opposition states that "[t]he missing information" about USAA's interactions with the Earlywines will be found in USAA's records. [Doc. No. 10 at 3.] It also states that "greater detail about the full content of the ["no problem"] discussion should be in USAA's records. That information is unknown to Plaintiff . . . ." [*Id.* at 4.]