# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES EARLYWINE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>USAA LIFE INSURANCE COMPANY,<br><br>　　　　　　Defendant. | Case No.: 3:17-CV-328-CAB-NLS<br><br>**ORDER DENYING MOTION FOR RELIEF FROM ORDER AND TO AMEND COMPLAINT**<br><br>[Doc. No. 21] |

On January 18, 2017, Plaintiff filed this lawsuit in San Diego County Superior Court asserting six claims: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) negligent misrepresentation; (4) fraud; (5) rescission; and (6) unfair business practices under California Business and Professions Code section 17200. [Doc. No. 1 at 8-16.] Defendant USAA Life Insurance Company ("USAA") timely removed the complaint to this court and filed a motion to dismiss the negligent misrepresentation and fraud claims. In response to the motion, Plaintiff filed a first amended complaint ("FAC"), which asserted the same six claims. [Doc. No. 7.] USAA again moved to dismiss the negligent misrepresentation and fraud claims, and the Court granted the motion, dismissing the claims with prejudice. [Doc. No. 12.] Plaintiff now moves from relief pursuant to Rule 60(b)(1) from the order dismissing her fraud and negligent misrepresentation claims with

prejudice, and for leave to file a second amended complaint with additional allegations related to those claims. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. Because Rule 60(b)(1) is not intended to remedy the sorts of "mistakes" by Plaintiff's counsel from which Plaintiff seeks relief, Plaintiff's motion is denied.

## I.  Background

In its order dismissing the negligent misrepresentation and fraud claims from the FAC, the Court summarized Plaintiff's claims as follows:

> Defendant USAA Life Insurance Company ("USAA") issued a universal life insurance policy ("ULP") effective August 17, 1990 to Plaintiff's now-deceased husband, William J. Earlywine. Plaintiff Dolores Earlywine was the designated beneficiary of the policy. In January 2016, USAA cancelled the policy after the Earlywine's had been unable to continue paying the premiums. [Doc. No. 7 at ¶ 22.] William died on April 23, 2016. [*Id.*]
>
> According to the FAC, "[a]t the time of sale, the ULP was represented to Plaintiff and her husband as having even premiums through age 95. USAA advised that the premiums would not go up through age 95. Plaintiff and her husband relied upon that assurance." [*Id.* at ¶ 10.] The FAC alleged that these statements were false and that "the policy premiums skyrocketed" to the point that the Earlywines were unable to pay them. [*Id.* at ¶ 22.] In addition, "USAA provided a soft disclaimer about the potential for the policy to not perform. However, the likelihood of performance failure was not disclosed," and "[a]s time went on, it became certain that the ULP would fail to perform [*Id.* at ¶ 15.] Before USAA cancelled the ULP, "[e]ven though the policy became a sinkhole with no possibility of performing up to the levels at which it was marketed, USAA kept accepting premiums [sic] payments and did not advise their insured that the policy was failing." [*Id.* at ¶ 16.]
>
> The FAC also alleges that "[i]n or around early 2001 the Earlywines contacted USAA to ask about the feature which allowed them to miss some payments. USAA's representative responded that it was 'no problem.'" [*Id.* at ¶ 17.] This statement was allegedly false because "[t]he policy was already going to require significantly larger extra premium payments to keep it in force through the actuarially expected lifespan of Mr. Earlywine." [*Id.*] Further, according to the FAC, this statement was also false because it contradicted a "Cost of Insurance" clause in the ULP itself. [*Id.* at ¶ 18.]

[Doc. No. 12 at 1-2.] The Court ultimately granted USAA's motion to dismiss because

these allegations from FAC lacked the specificity required for fraud and negligent misrepresentation claims.

Further, the Court denied leave to amend because in the FAC and in her opposition to the motion to dismiss, Plaintiff stated that she did not have any additional specifics about the alleged false statements. Specifically, the FAC stated that "the identity of the individual(s) who make [sic] the representations about the product at the time of sale are not known to Plaintiff" and that "USAA is expected to have records of the sales literature used at the time of sale which is not in Plaintiff's possession." [Doc. No. 7 at ¶ 14.] Plaintiff's opposition to the motion to dismiss similarly stated that "[t]he missing information" about USAA's interactions with the Earlywines will be found in USAA's records." [Doc. No. 10 at 3.] It also stated that "greater detail about the full content of the ["no problem"] discussion should be in USAA's records. That information is unknown to Plaintiff . . . ." [*Id.* at 4.] Based on these arguments and allegations, the Court concluded that "[b]ecause, by her own admission, Plaintiff lacks additional knowledge of any of the specific details that are missing from the FAC and are required before her fraud and negligent misrepresentation claims can proceed, allowing Plaintiff to amend her complaint again would be futile." [Doc. No. 12 at 7.]

**II. Discussion**

Plaintiff moves for relief from the Court's order denying leave to amend pursuant to Federal Rule of Civil Procedure 60(b)(1), which states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Plaintiff moves for relief on account of a purported mistake by her counsel. Specifically, Plaintiff's counsel states that due to illness, Plaintiff was unable to assist him with the drafting of the FAC and opposition brief, and that the allegations and arguments therein concerning Plaintiff not having the information needed to plead her fraud and negligent misrepresentation claims with specificity were erroneous.

Counsel's admission of his purported "mistakes" raise a host of issues with respect

3

3:17-CV-328-CAB-NLS

to the propriety of the filing of the FAC and his continued prosecution of Plaintiff's claims while Plaintiff was incapacitated without advising the Court, but they do not entitle Plaintiff to relief from the Court's order dismissing the fraud and negligent misrepresentation claims without leave to amend. The Ninth Circuit has held that "[f]or purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006).[1]

Here, the FAC explicitly alleged that Plaintiff did not have specific information related to the alleged fraud or negligent misrepresentations. Now, Plaintiff wants to file an amended complaint that would directly contradict this unequivocal assertion in that it would include additional information about the alleged misrepresentations that Plaintiff stated was unknown to her. Plaintiff, however, is bound by the allegations in the FAC. *Cf. Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) ("A party cannot amend pleadings to 'directly contradic[t] an earlier assertion made in the same proceeding.'") (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037

---

[1] In its opposition, USAA cites to *Washington v. Ryan*, 833 F.3d 1087, 1098 (9th Cir. 2016), for the proposition that the four part test set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), applies to Plaintiff's motion for relief from judgment. That four part test considers: "(1) the danger of prejudice to the non-moving party; (2) the length of the filing delay and its potential impact on the proceedings; (3) the reason for the filing delay; and (4) whether the moving party acted in good faith." *Washington*, 833 F.3d at 1098 (citing *Pioneer*, 507 U.S. at 395). Although the Ninth Circuit stated that "[a] district court must fully consider these factors in every case," a careful reading of both *Washington* and *Pioneer*, and even the plain language of the test itself, indicates that this test applies in the context of a claim of excusable neglect or mistake arising out of a failure to satisfy a filing deadline. *See Pioneer*, 507 U.S. at 384-85 (concerning failure to timely file proofs of claim in bankruptcy proceeding); *Washington*, 833 F.3d at 1089 (concerning untimely appeal of denial of petition for writ of habeas corpus). Indeed, parts two and three to the test specifically require consideration of "the filing delay." Because no "filing delay" is at issue here, this test does not apply. *Cf. Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666-67 (9th Cir. 1997) (making no mention of the four-part test in *Pioneer* while affirming denial of motion for relief from judgment because "counsel's failure to plead an affirmative defense of waiver in the First Amended Answer does not provide a basis for equitable relief under Rule 60(b)(1)").

(9th Cir. 1990)). That her attorney contends he included these allegations in the FAC and other filings by mistake, even if it was done in good faith, is not a basis to set aside the Court's order dismissing her fraud and negligent misrepresentation claims with prejudice. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)."); *see also Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) ("[A]ttorney error is insufficient grounds for relief under both Rule 60(b)(1) and (6)"); *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).").

### III. Disposition

In light of the foregoing, it is hereby **ORDERED** that Plaintiff's motion for relief from the Court's order dismissing her fraud and negligent misrepresentation claims with prejudice is **DENIED**.

It is **SO ORDERED**.

Dated: October 11, 2017

Hon. Cathy Ann Bencivengo
United States District Judge